BARRY, Judge,
dissents with written reasons.
I feel the majority erred in its interpretation of former R.S. 42:5. This statute does not require the City Civil Service Commission, as one of its functions, to “receive or expend tax funds.”
*685 The Civil Service Commission for New Orleans, like numerous other Boards, Commissions, and Authorities, functions via policy making and administrative decisions arrived at by citizen members. Commissioners are paid a nominal per diem and basically undertake their responsibility as a civic-minded endeavor.
The open meetings law is intended to have the public’s business conducted in public. The very nature of the law can be burdensome and time consuming. However, seeking loopholes to avoid compliance has the effect of rendering the law meaningless. If the legislature intended to exclude this Commission from the law it would have done so.
The Civil Service Commission is a “board or governing body” as defined in the statute. The Commission certainly must “receive tax funds” in order to pay staff salaries, office expenses, and per diem allowances. Though the amount of tax funds received may be nominal when compared to other public entities, the statute does not specify any minimum amount. To require that tax monies received must be more than “insignificant” is to read something into the law which is not there.
Further, the record discloses that the Civil Service Commission makes policy, such as the adoption of a pay plan for city employees wherein the Commission had exclusive jurisdiction over certain areas.
The substantive issue involved here is moot as the laws have been amended to leave no doubt that the Civil Service Commission falls under the provisions of our open meeting laws. However, because the Commission did violate the “sunshine laws” by conducting business in private, plaintiff should be awarded reasonable attorney’s fees and costs as prayed for.